# IN THE COURT OF APPEALS OF IOWA

No. 18-0189
Filed June 19, 2019

**JULIE PFALTZGRAFF,**
Plaintiff-Appellant,

**vs.**

**IOWA DEPARTMENT OF HUMAN SERVICES,**
Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

Julie Pfaltzgraff's appeals the district court ruling denying her petition for judicial review. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Trent W. Nelson of Sellers, Galenbeck and Nelson, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Tabitha J. Gardner, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., and Potterfield and Doyle, JJ.

**DOYLE, Judge.**

This appeal, like *Endress v. Iowa Department of Human Services*, No. 18-1329, 2019 WL _____, at *___ (Iowa Ct. App. June 19, 2019), also filed today, concerns attempts by the Iowa Department of Human Services (DHS) to recoup payments to childcare providers under the Child Care Assistance Program (CCAP). Julie Pfaltzgraff appeals the district court ruling denying her petition for judicial review. We reverse for the reasons set forth in *Endress* but affirm the district court's determination that Pfaltzgraff failed to preserve error on her remaining claim.

**I. Background Facts and Proceedings.**

Pfaltzgraff was a registered childcare provider who had signed an agreement allowing the DHS to pay her directly for childcare services she provided to families eligible for the CCAP. In May 2016, the DHS sent Pfaltzgraff a notice that it was revoking her childcare registration and cancelling the CCAP agreement. Pfaltzgraff appealed the decision. Although the agency reversed the decision to revoke her childcare registration, it approved the termination of her CCAP agreement in its final decision, issued in September 2016.

While her appeal was pending, Pfaltzgraff elected to continue receiving CCAP payments. The notice of cancellation of her CCAP agreement set out her right to continue receipt of CCAP payments during the appeal process but cautioned, "Any benefits you get while your appeal is being decided may have to be paid back if the Department's action is correct." The appeal form asked, "Do you want your benefits to continue during your appeal? (You may have to pay them back, if you lose your appeal)"; Pfaltzgraff checked "yes."

On October 31, 2016, the DHS sent Pfaltzgraff a notice of CCAP overpayment, alleging she owed it $31,815.46 for CCAP payments made during the appeal process. The notice states the reason for the money owed is "[a] mistake by a provider that caused DHS to pay the provider incorrectly for child care services." It also states, "This overpayment happened because of [y]our choice to continue benefits pending an appeal." Pfaltzgraff appealed, and the decision was affirmed. Pfaltzgraff petitioned for judicial review in the district court, alleging among other claims that the DHS violated her right to procedural due process by failing to provide adequate notice that she was required to repay all CCAP funds she received during the appeal process. The district court determined that the DHS satisfied due process requirements and affirmed the recoupment of the CCAP payments.

## II. Scope and Standard of Review.

"In a judicial review action on appeal, our job is to determine whether in applying the applicable standards of review under section 17A.19(10) [(2017)], we reach the same conclusions as the district court." *Colwell v. Iowa Dep't of Human Servs.*, 923 N.W.2d 225, 238 (Iowa 2019), *reh'g denied* (Mar. 8, 2019).

> We can grant relief from agency action if the action is "[u]nconstitutional on its face or as applied or is based upon a provision of law that is unconstitutional on its face or as applied." We do not give any deference to the agency with respect to the constitutionality of a statute or administrative rule because it is entirely within the province of the judiciary to determine the constitutionality of legislation enacted by other branches of government. Accordingly, we review constitutional issues in agency proceedings de novo.

*NextEra Energy Res. LLC v. Iowa Utils. Bd.*, 815 N.W.2d 30, 44 (Iowa 2012) (alteration in original) (internal citations omitted).

**III. Analysis.**

Pfaltzgraff raises the same arguments addressed in *Endress*. As we concluded in that decision, the notice the DHS provided concerning recoupment of the CCAP payments made during the appeal process was constitutionally deficient. On this basis, we reverse the district court's ruling on judicial review, which affirmed the agency decision regarding the recoupment of CCAP overpayments and amount. And because Pfaltzgraff is entitled to an award of her attorney fees under Iowa Code section 625.29 for the reasons set forth in *Endress*, we remand to the district court to determine an appropriate award, which should include appellate attorney fees. *See Schaffer v. Frank Moyer Constr., Inc.*, 628 N.W.2d 11, 23 (Iowa 2001) (noting that the mechanics lien statute did not limit an award of attorney fees to those incurred in the district court and therefore the statute contemplated an award of appellate attorney fees as well).

The only claim remaining on appeal concerns Pfaltzgraff's attempt to reapply for a CCAP agreement while she was pursuing the administrative appeal of the first agreement's cancellation. The DHS refused to process Pfaltzgraff's second application and informed her that she could not reapply for a CCAP agreement until the appeal process was completed. Because Iowa Administrative Code rule 441-170.5(5)(a) allows a provider to reapply for another agreement at any time after termination of the first CCAP agreement, Pfaltzgraff argues the DHS violated its own rule in denying her second application. However, Pfaltzgraff never contested the DHS's refusal to process her second application. Pfaltzgraff did raise the issue during her administrative appeal of the notice of CCAP overpayment, but the agency determined that the issue was not properly before it.

Because Pfaltzgraff failed to appeal the DHS's refusal to process her reapplication for a CCAP agreement, we agree that Pfaltzgraff failed to preserve error on that claim. Accordingly, we affirm the district court's determination that the issue is not preserved.

**AFFIRMED IN PART IN PART, REVERSED IN PART, AND REMANDED.**

Potterfield, J., concurs; Vogel, C.J., partially dissents.

**VOGEL, Chief Judge** (concurring in part and dissenting in part).

For the reasons expressed in my dissent in *Endress v. Iowa Department of Human Services*, No. 18-1329, 2019 WL _____, at *___ (Iowa Ct. App. ___ __, 2019), also filed today, I dissent in part from the opinion of the majority, which found the notice to Julie Pfaltzgraff was deficient and she is entitled to attorney fees. I agree with the majority's conclusion that error was not preserved on the refusal to process her second application.